FILED

2012 MAR 23 A 10: 00

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1 MARC J. FAGEL (Cal. Bar No. 154425)
MICHAEL S. DICKE (Cal Bar No. 158187)
2 ROBERT L. MITCHELL (Cal Bar No. 161354)
mitchellr@sec.gov
3 CARY S. ROBNETT (Cal Bar No. 160585)
robnettc@sec.gov
4 WILLIAM T. SALZMANN (Cal. Bar No. 205808)
salzmannw@sec.gov
5 ERIC M. BROOKS (Cal. Bar No. 209153)
brookse@sec.gov
6

Attorneys for Plaintiff
7 SECURITIES AND EXCHANGE
COMMISSION
8 44 Montgomery Street, Suite 2800
San Francisco, CA 94104
9 (415) 705-2500

10                 UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA                **CRB**

12                     SAN FRANCISCO DIVISION

13                                      **CV 12 80 087MISC**

14  SECURITIES AND EXCHANGE COMMISSION,      Misc. No.

15            Applicant,                     SECURITIES AND EXCHANGE
                                             COMMISSION'S:
16      v.

17  WELLS FARGO & COMPANY,                   • APPLICATION FOR AN ORDER
                                               COMPELLIING COMPLIANCE WITH
18            Respondent.                       ADMINISTRATIVE SUBPOENAS

19                                           • MEMORANDUM OF POINTS AND
                                               AUTHORITIES IN SUPPORT
20                                             THEREOF

21                                           [ORAL ARGUMENT REQUESTED]

22

23

24

25

26

27

28

1

**APPLICATION**

2    Applicant Securities and Exchange Commission ("Commission") hereby applies to the Court

3  for an order compelling Respondent Wells Fargo & Company ("Wells Fargo") to comply with

4  administrative subpoenas issued by the Commission for the production of documents.

5    This is an administrative enforcement action, not a discovery motion. The Court has

6  jurisdiction under Section 22(b) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77v(b)]

7  and Section 21(c) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78u(c)].

8  This application is based on Respondent's refusal to produce documents in response to validly issued

9  administrative subpoenas. The application is supported by the accompanying Memorandum of Points

10  and Authorities, the Declaration of William T. Salzmann in support thereof, the proposed order, and

11  such further evidence and argument as the Court may consider.

12

13  Dated: March 23, 2012                    Respectfully submitted,

14

15                                           *Robt L Mitttt*

16                                           Marc J. Fagel
                                             Michael S. Dicke
17                                           Robert L. Mitchell
                                             Cary S. Robnett
18                                           William T. Salzmann
                                             Eric M. Brooks
19
                                             Attorneys for Applicant
20                                           SECURITIES AND EXCHANGE
                                             COMMISSION
21

22

23

24

25

26

27

28
                                   i                  APPLICATION TO COMPEL COMPLIANCE
                                                       WITH ADMINISTRATIVE SUBPOENAS AND
                                                       MEMO OF P & A

1

**TABLE OF CONTENTS**

2

3    I.    INTRODUCTION ....................................................................................... 1

4    II.   STATEMENT OF FACTS ...................................................................... 1

5          A.  Background ................................................................................. 1

6          B.  The Investigative Subpoenas ...................................................... 2

7                1.  September 30, 2011 Subpoena ..................................... 3

8                2.  November 22, 2011 Subpoena ..................................... 4

9                3.  December 23, 2011 Subpoena ...................................... 5
10
                 4.  January 11, 2012 Subpoena ......................................... 5
11
12               5.  January 25, 2012 Subpoena ......................................... 6

13               6.  February 2, 2012 Subpoena ......................................... 6

14               7.  Documents Previously Withheld ................................. 7

15         C.  Wells Fargo's Refusal to Comply with the Subpoenas .............. 7

16   III.  ARGUMENT ....................................................................................... 8

17
           A.  This Court Has the Authority to Enforce the Commission's Validly Issued
18
               Subpoenas ................................................................................. 8
19
20               1.  The Court May Enforce the Subpoenas in a Summary Proceeding ...... 8

21               2.  The Subpoenas to Wells Fargo Satisfy the Standards for Judicial

22                   Enforcement ............................................................ 9

23         B.  The Issuance of a Wells Notice Does Not Excuse Wells Fargo from

24             Complying with the Subpoenas ................................................. 10

25
     IV.   CONCLUSION ................................................................................. 12
26

27

28
                                    ii                      APPLICATION TO COMPEL COMPLIANCE
                                                            WITH ADMINISTRATIVE SUBPOENAS AND
                                                            MEMO OF P & A

1

**TABLE OF AUTHORITIES**

2

CASES

3    *Administrator, U.S. EPA v. Alyeska Pipeline Serv. Co.*, 836
4      F.2d 443 (9th Cir. 1998) .......................................................................................................... 10

5    *EEOC v. Children's Hosp. Med. Ctr. of N. Cal.*, 719 F.2d
       1426 (9th Cir. 1983) ................................................................................................................... 9

6
     *EEOC v. Karuk Tribe Housing Auth.*, 260 F.3d 1071 (9th
7      Cir. 2001) .................................................................................................................................... 9

8    *EEOC v. St. Regis Paper Co.-Kraft Div.*, 717 F.2d 1302
9      (9th Cir. 1983) ............................................................................................................................ 9

10   *SEC v. Brigadoon Scotch Distributing Co.*, 480 F.2d 1047
       (2d Cir. 1973) ............................................................................................................................. 9

11
     *SEC v. Dresser Indus.*, 628 F.2d 1368 (D.C. Cir. 1980) (*en*
12     *banc*) .......................................................................................................................................... 10

13   *SEC v. Jerry T. O'Brien, Inc.*, 467 U.S. 735(1984) ................................................................. 8, 10

14   *SEC v. Sears*, 2005 U.S. Dist. LEXIS 44854 (D. Or., July
15     28, 2005) ............................................................................................................................... 11, 12

16   *United States v. Church of Scientology of Cal.*, 520 F.2d
       818 (9th Cir. 1975) ..................................................................................................................... 9

17

STATUTES

18
     Exchange Act § 21(b) [15 U.S.C. § 78u(b)] .................................................................................. 8
19
     Exchange Act § 21(c) [15 U.S.C. § 78u(c)] ................................................................................... 8
20
21   Securities Act § 20(a) [15 U.S.C. § 77t(a)] .................................................................................... 8

22   Securities Act § 22(b) [15 U.S.C. § 77v(b)] ................................................................................... 8

23

RULES

24   17 C.F.R. § 203.1 *et seq* ............................................................................................................... 10

25   17 C.F.R. § 203.4(b) ..................................................................................................................... 10

26

27

28

iii                                             APPLICATION TO COMPEL COMPLIANCE
                                                WITH ADMINISTRATIVE SUBPOENAS AND
                                                MEMO OF P & A

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    INTRODUCTION**

3         The Securities and Exchange Commission applies to the Court for an order enforcing

4    subpoenas issued by the Commission during its investigation into possible fraud in the offer and sale

5    of securities by Wells Fargo & Company. The investigation concerns the sale of nearly $60 billion

6    dollars of residential mortgage-backed securities ("RMBS") by Wells Fargo from September 2006

7    through early 2008. Among other things, the Commission is investigating whether Wells Fargo made

8    material misrepresentations or omissions of fact to investors about the risks of investing in its RMBS.

9         This application follows a series of administrative subpoenas the Commission issued to Wells

10   Fargo beginning in September 2011. The subpoenas call for the production of documents that are

11   relevant to the Commission's investigation, including documents relating to the quality of the

12   mortgage loans underlying Wells Fargo's RMBS offerings, and communications involving Wells

13   Fargo employees concerning whether the loans met Wells Fargo's loan underwriting standards.

14        Now, nearly six months since the issuance of the first subpoena, Wells Fargo still has failed to

15   produce documents responsive to several of the requests. Most recently, Wells Fargo failed to

16   complete its production of responsive documents even by its own, self-selected commitment date of

17   March 7, 2012.

18        Accordingly, the Commission requests that the Court issue an order compelling Wells Fargo to

19   complete its production of all documents responsive to the subpoenas within 14 days after entry of a

20   Court order granting the Commission's application.

21   **II.   STATEMENT OF FACTS**

22        **A.  Background**

23        The Commission is investigating possible fraud in the offer and sale of residential mortgage-

24   backed securities by Wells Fargo. Declaration of William T. Salzmann ("Salzmann Decl."), ¶ 3.

25   RMBS are securities that are backed by a designated pool of residential mortgages. Investors who buy

26   RMBS purchase a claim on the cash flow generated by the repayment of the mortgages in the

27   underlying pool.

28

                                        1                    APPLICATION TO COMPEL COMPLIANCE
                                                             WITH ADMINISTRATIVE SUBPOENAS AND
                                                             MEMO OF P & A

1    From September 2006 to early 2008, Wells Fargo (through certain of its subsidiaries and

2 affiliates) sold nearly $60 billion in RMBS in a series of offerings to investors. For each of its RMBS

3 offerings Wells Fargo engaged an investment bank to serve as the underwriter for the offering. In

4 order to confirm Wells Fargo's description of the quality of the loans backing the offering, the

5 underwriter (or its third-party designee) performed due diligence. Among other things, the due

6 diligence included evaluating a subset, or sample, of the loan pool in order to ensure that the sampled

7 loans complied with Wells Fargo's loan origination standards (also referred to as loan underwriting

8 standards).

9    As a result of the due diligence, for most of the offerings, Wells Fargo and the underwriter

10 agreed that certain sampled loans failed to comply with the loan underwriting standards, and Wells

11 Fargo removed them from the loan pool. However, based on the information currently available to

12 the Commission, it does not appear that Wells Fargo took any steps to address similar deficiencies in

13 the remainder of the loans in the pool being securitized and sold to investors.

14    As part of the offering materials for each RMBS offering, Wells Fargo issued a Prospectus

15 Supplement to investors. The Prospectus Supplement contains representations about the mortgage

16 loans that support a RMBS offering, including representations that the loans comply with certain loan

17 underwriting standards. One aspect of the Commission's investigation concerns whether, in light of

18 deficiencies in the sample loans known to Wells Fargo through the due diligence process, the

19 Prospectus Supplements contain material misrepresentations or omissions of material fact about the

20 mortgage loan pools that backed Wells Fargo's RMBS offerings. Salzmann Decl., ¶ 3.

21        **B.  The Investigative Subpoenas**

22    On November 19, 2010, the Commission issued an Order Directing Private Investigation and

23 Designating Officers to Take Testimony in an investigation captioned *In the Matter of Wells Fargo &*

24 *Co.*, (the "Formal Order"). *Id.*, ¶ 2 and Exh. A. The Formal Order directs the Commission staff to

25 investigate whether violations of the antifraud and other provisions of the federal securities law have

26 occurred since at least 2006. The Formal Order grants certain designated Commission staff the

27

28                                    2

1 | authority to issue administrative subpoenas for testimony and for the production of documents in this
2 | investigation.  *Id.*

3 | Beginning in September 2011, pursuant to the Formal Order, the Commission staff issued a
4 | series of administrative document subpoenas to Wells Fargo.  *Id.*, ¶¶ 3-9, and Exhs. B-G.  In each case,
5 | the return date for the subpoena is now long since passed and yet Wells Fargo admittedly has failed to
6 | produce all responsive documents or failed to confirm that its production is complete.  *Id.*

7 | In mid-February 2012, Wells stated that it expected to complete all its remaining productions
8 | by various dates in late February and early March, but no later than March 7.  *Id.*, ¶ 18, Exh. N.
9 | Despite this, Wells has still failed to complete its productions in compliance with the subpoenas.  *Id.*,
10 | ¶¶ 19 and 20, and Exhs. O and P.  And, as described further in Section II.C., *infra*, Wells Fargo has
11 | more recently refused to give any assurance that it will comply with the open subpoena requests.

12 | The subpoenas and the open requests are detailed below.

13 | **1.   September 30, 2011 Subpoena**

14 | On September 30, 2011, the Commission issued a subpoena to Wells Fargo with a return date
15 | of October 14, 2011.  *Id.*, ¶ 4 and Exh. B.  At issue with regard to this subpoena are four specific
16 | items, listed as requests 1.f, 1.h, 1.i, and 6.

17 | Request 1.f calls for the production of all loan underwriting guidelines associated with each
18 | RMBS offering.  *Id.*  In response, in various productions in November and December 2011 Wells
19 | Fargo produced documents from an electronic document repository for certain employees involved in
20 | its RMBS offerings, with the representation that such documents "may be responsive to or may
21 | contain information responsive to" this request.  *Id.*, ¶¶ 10-14 and Exhs. H-L.

22 | After reviewing these documents, the Commission found that, in fact, the production failed to
23 | include any but a few sets of what appeared to be summary versions of a few origination programs'
24 | guidelines.  In a meeting in early January 2012, the Commission staff reiterated to Wells Fargo's
25 | counsel that Wells Fargo needed to promptly produce all outstanding documents in response to the
26 | subpoenas.  The Commission staff specifically identified the underwriting guidelines as among the
27 | outstanding materials.  *Id.*, ¶ 15.  No responsive production was forthcoming, and, in early February

28 |

3

1 | 2012, the Commission staff again reiterated the need for Wells Fargo to make a prompt production of

2 | all outstanding loan underwriting guidelines. *Id.*, ¶ 16 and Exh. M.

3 |       Requests 1.h and 1.i call for all final and summary due diligence reports, respectively, for each

4 | RMBS offering. *Id.*, Exh. B. In early February 2012, the Commission made it clear to Wells Fargo

5 | that these requests included due diligence reports for any mortgage loan pool that was eventually used

6 | to back an RMBS offering, even if the particular deal for which the due diligence report was prepared

7 | was aborted. *Id.*, ¶ 16 and Exh. M. These types of reports are also called for by request 6, which

8 | requires the production of documents relating to any inquiry into whether the loans included in any

9 | RMBS met Wells Fargo's underwriting standards. *Id.*, Exh. B.

10 |       In response to requests 1.f, 1.h, 1.i, and 6, on February 16, 2012 Wells Fargo stated that it

11 | would produce one complete "exemplar" set of loan underwriting guidelines "as soon as possible" and

12 | that it expected to produce any remaining documents relating to loan underwriting guidelines or due

13 | diligence reports by March 7. *Id.*, ¶ 18 and Exh. N. Despite this, Wells Fargo has still failed to

14 | produce an exemplar set of guidelines, or any remaining responsive documents, or to confirm that its

15 | production in response to these requests is complete. *Id.*, ¶ 19 and Exh. O.

16 |                 **2. November 22, 2011 Subpoena**

17 |       On November 22, 2011, the Commission issued a subpoena with a return date of December 7,

18 | 2011. *Id.*, ¶ 10 and Exh. H. At issue are all of the requests in this subpoena, numbers 1 through 6.

19 | Request 1 calls for documents for each RMBS relating to the drafting and review of a portion of the

20 | Prospectus Supplement that addresses how the mortgage loans were underwritten. Requests 2 through

21 | 4 seek all emails sent or received by certain specified Wells Fargo personnel relating to any RMBS.

22 | Requests 5 and 6 call for all communications with RMBS investors relating to loan underwriting

23 | standards for the loan pool or the due diligence process. *Id.*

24 |       After repeated inquiry by the Commission, on February 14, 2012 Wells Fargo stated that it

25 | expected to respond to requests 5 and 6 "next week." *Id.*, Exh. N. Also on February 14, with regard to

26 | requests 1 through 4 Wells Fargo stated that it would produce documents on a rolling basis and

27 | expected to complete its production by March 7, 2012. *Id.* To date, Wells Fargo has not produced any

28 |

4              APPLICATION TO COMPEL COMPLIANCE
WITH ADMINISTRATIVE SUBPOENAS AND
MEMO OF P & A

1  additional documents responsive to this subpoena or confirmed that it has produced all responsive
2  materials. *Id.*, ¶ 19 and Exh. O.

3  **3. December 23, 2011 Subpoena**

4  On December 23, 2011, the Commission issued a subpoena with a return date of January 9,
5  2012. *Id.*, Exh. N. At issue are request 1, which calls for all drafts of any RMBS Prospectus
6  Supplement, including documents that reflect communications related to such drafts; and request 2,
7  which calls for all documents that reflect communications sent or received by a specified Wells Fargo
8  employee relating to any RMBS. *Id.*

9  On February 14, 2012 Wells Fargo stated that it expected to complete its production in
10  response to these requests on a rolling basis, to be concluded by March 7. *Id.*, Exh. N. To date, Wells
11  Fargo has made no further production in response to these requests, nor confirmed that it has produced
12  all responsive materials. *Id.*, Exh. O.

13  **4. January 11, 2012 Subpoena**

14  On January 11, 2012, the Commission issued a subpoena with a return date of January 25,
15  2012. *Id.*, ¶ 7 and Exh. E. At issue are requests 1, 2, 3 and 5.

16  Request 1 calls for documents that reflect communications relating to a specific RMBS
17  offering identified during the December 2011 investigative testimony of Wells Fargo employee
18  Gretchen Leff. On February 14, 2012, Wells Fargo stated that it expected to produce the requested
19  materials by the week of February 20. *Id.*, ¶ 18 and Exh. N. To date, Wells has not produced any
20  responsive documents. *Id.*, Exh. O.

21  Request 2 calls for all training materials used to train employees in Wells Fargo's Structured
22  Finance Group, who were involved with its RMBS offerings, concerning the federal securities laws
23  or RMBS disclosures. Similarly, request 3 requires production of all policies and procedures
24  manuals, instructions or similar guidance for Wells Fargo's Structured Finance Group employees.
25  On February 14, Wells Fargo indicated that it expected to complete its production in response to
26  these requests by February 28, 2012. *Id.*, Exh. N. Although Wells Fargo did subsequently produce

27

28

5

1 documents it claims are responsive to these requests, it has not confirmed that it has produced all

2 responsive materials. *Id.*, Exh. O.

3    Request 5 calls for all communications with underwriters for the RMBS offerings regarding

4 disclosures to RMBS investors. On February 14, 2012 Wells Fargo indicated that it expected to

5 complete its production of responsive documents by March 7. *Id.*, Exh. N. To date, Wells Fargo has

6 neither produced any documents responsive to this request nor confirmed that it has produced all

7 responsive materials. *Id.*, Exh. O.

8    **5.  January 25, 2012 Subpoena**

9    On January 25, 2012, the Commission issued a subpoena with a return date of February 3,

10 2012. *Id.*, ¶ 8 and Exh. F. At issue is request 1, which seeks for each RMBS offering covered by the

11 subpoena the preliminary "loan tape", which contains preliminary data on each mortgage loan prior to

12 the completion of the underwriter's due diligence.

13    On February 14, 2012, Wells Fargo stated that it expected to complete is production "later this

14 week." *Id.*, ¶ 18 and Exh. N. To date, Wells Fargo has not made any further production in response to

15 this subpoena, nor confirmed that it has produced all responsive materials. *Id.*, Exh. O.

16    **6.  February 2, 2012 Subpoena**

17    On February 2, 2012, the Commission issued a subpoena with a return date of February 10,

18 2012. *Id.*, ¶ 9 and Exh. G. At issue are requests 1, 2 and 3. Request 1 seeks all materials relating to

19 Wells Fargo's RMBS offerings that were distributed by Wells Fargo at an annual industry forum on

20 securitization. Requests 2 and 3 seek documents relating to the salaries, bonuses and compensation

21 for two Wells Fargo employees involved with its RMBS offerings.

22    On February 14, 2002, Wells Fargo indicated that it expected to complete its productions in

23 response to these requests "next week." *Id.*, Exh. N. Although Wells Fargo subsequently produced

24 documents it claims are responsive, it has not confirmed that it has produced all responsive materials.

25 *Id.*, Exh. O.

26

27

28

6                          APPLICATION TO COMPEL COMPLIANCE
                           WITH ADMINISTRATIVE SUBPOENAS AND
                           MEMO OF P & A

1                   **7. Documents Previously Withheld**

2         In addition to the foregoing items, on February 14, 2012 Wells Fargo stated that it would

3 produce 1,365 emails responsive to unspecified subpoenas issued subsequent to the September 30,

4 2011 subpoena, which it previously had withheld based on a claim of attorney-client privilege. *Id.*,

5 Exh. N. Wells Fargo stated that it would produce these emails "later this week or early next week."

6 *Id.* To date, Wells Fargo still has not produced the emails. *Id.*, Exh. O.

7                **C. Wells Fargo's Refusal to Comply with the Subpoenas**

8         As described above, by mid-February 2012 Wells Fargo still had failed to produce documents

9 in response to one or more requests in each of the subpoenas. Nevertheless, in communications with

10 the Commission on February 14 and February 16, Wells Fargo indicated that it expected to complete

11 its remaining productions promptly; in some cases, within a few days or a week, but in all events by

12 March 7, 2012.

13         On February 24, 2012, the Commission staff notified Wells Fargo that the staff was

14 "considering recommending" that the Commission bring an enforcement action against Wells Fargo,

15 alleging violations of the antifraud provisions of the federal securities laws in connection with the

16 bank's RMBS offerings. *Id.*, ¶ 21 and Exh. Q. The purpose of this notice was to give Wells Fargo an

17 opportunity to make a voluntary, written submission to the Commission addressing any reasons it

18 believes that such an enforcement action is not warranted. *Id.*, Exh. Q. Although the notice set a due

19 date of March 2, 2012 for Wells Fargo's submission, the staff later agreed to extend this date to March

20 23, 2012. *Id.*, ¶ 22 and Exh. R.[1]

21         On March 9, 2012, the Commission staff wrote to Wells Fargo to inquire about the subpoena

22 requests with which the bank still had failed to comply. *Id.*, ¶ 19 and Exh. O. In response, counsel for

23 Wells Fargo stated that in light of the Wells notice "we assumed that the investigation was over and

24 we had moved to a different phase." *Id.*, ¶ 20 and Exh. P. Counsel provided no assurance that Wells

25

26 [1]     The notice process described above is commonly, and coincidently, referred to as a "Wells

27 notice." *Id.*, Exh. Q. In addition to Wells Fargo, the Commission has also provided Wells notices to two individuals associated with the bank's RMBS offering. *Id.*, ¶ 21.

28

                       7                 APPLICATION TO COMPEL COMPLIANCE

1  Fargo would comply with the subpoenas and instead stated only that he might agree to "revisit the
2  issue of any additional document production" after the staff considered the bank's Wells submission.
3  *Id.*, Exh. P. Wells Fargo offered no explanation as to why it had failed to produce the materials for
4  which it had selected a due date *prior* to its receipt of the Wells notice.

5  **III.   ARGUMENT**

6      **A. This Court Has the Authority to Enforce the Commission's Validly Issued Subpoenas**

7          **1. The Court May Enforce the Subpoenas in a Summary Proceeding.**

8          Congress has given the Commission "broad authority to conduct investigations into possible
9  violations of the federal securities laws and to demand production of evidence relevant to such
10 investigations." *SEC v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 741 (1984). This includes the power to
11 "subpoena witnesses, compel their attendance, take evidence, and require the production of any
12 books, papers, correspondence, memoranda, or other records which the Commission deems relevant
13 or material to the inquiry." Exchange Act § 21(b) [15 U.S.C. § 78u(b)]; *see also* Securities Act §
14 20(a) [15 U.S.C. § 77t(a)].

15         If a party refuses to comply with a Commission subpoena, the Commission may seek a court
16 order compelling full compliance. Securities Act § 22(b) [15 U.S.C. § 77v(b)]; Exchange Act § 21(c)
17 [15 U.S.C. § 78u(c)]. Jurisdiction over subpoena enforcement actions is explicitly conferred on the
18 United States district courts. Exchange Act § 21(c) [15 U.S.C. § 78u(c)]. And venue is proper
19 "within the jurisdiction of which such investigation or proceeding is carried on." *Id.* As this
20 investigation is being carried on by the Commission's staff in its San Francisco Regional Office,
21 venue in the Northern District is proper. Salzmann Decl., ¶ 2.

22         Moreover, a subpoena enforcement application may be granted in summary show cause
23 proceedings. *EEOC v. St. Regis Paper Co.-Kraft Div.*, 717 F.2d 1302, 1304 (9th Cir. 1983) (stating
24 that "[a] subpoena enforcement action is a summary procedure" with no discovery absent
25 "exceptional circumstances"); *see also United States v. Church of Scientology of Cal.*, 520 F.2d 818,
26 821 (9th Cir. 1975) (stating that "a district court may limit the[ ] application [of the Federal Rules of
27 Civil Procedure] in a proceeding to enforce a summons which is intended to be a summary

28                                                        8                    APPLICATION TO COMPEL COMPLIANCE
                                                                              WITH ADMINISTRATIVE SUBPOENAS AND
                                                                              MEMO OF P & A

1 proceeding"). This summary procedure, rather than an action instituted by complaint, is appropriate
2 because investigative agencies in general, and the Commission in particular, should be "free . . . [of]
3 undue interference or delay to conduct an investigation which will adequately develop a factual basis
4 for a determination as to whether particular activities come within the Commission's regulatory
5 authority." *SEC v. Brigadoon Scotch Distributing Co.*, 480 F.2d 1047, 1053 (2d Cir. 1973). This
6 Court may therefore rule upon the Commission's application in summary show cause proceedings.

7                      **2. The Subpoenas to Wells Fargo Satisfy the Standards for Judicial**
8                         **Enforcement.**

9      "'The scope of the judicial inquiry in an . . . agency subpoena enforcement proceeding is quite
10 narrow.'" *EEOC v. Karuk Tribe Housing Auth.*, 260 F.3d 1071, 1076 (9th Cir. 2001) (quoting *EEOC*
11 *v. Children's Hosp. Med. Ctr. of N. Cal.*, 719 F.2d 1426, 1428 (9th Cir. 1983) (en banc)). Courts in
12 the Ninth Circuit consider: (1) whether Congress has granted the authority to investigate; (2) whether
13 procedural requirements have been followed; and (3) whether the evidence is relevant and material to
14 the investigation. *Id.* However, the showing required to meet the third prong of this test is minimal.
15 Thus, a court "must enforce administrative subpoenas unless the evidence sought by the subpoena [is]
16 plainly incompetent or irrelevant to any lawful purpose of the agency." *Id.* (internal quotations
17 omitted). *See also, Administrator, U.S. EPA v. Alyeska Pipeline Serv. Co.*, 836 F.2d 443, 446 (9th
18 Cir. 1998). Because the Commission meets these criteria in this case, the Court should enforce the
19 subpoenas.

20      First, the Commission has the authority to conduct the investigation authorized by the Formal
21 Order. As noted above, Congress has granted the Commission broad authority to investigate
22 potential violations of the federal securities laws and to demand evidence germane to such
23 investigations. In light of this statutory grant, courts have consistently recognized the Commission's
24 wide authority to issue investigative subpoenas. *Jerry T. O'Brien*, 467 U.S. at 743 ("The provisions
25 vesting the SEC with power to issue and seek enforcement of subpoenas are expansive"); *SEC v.*
26 *Dresser Indus.*, 628 F.2d 1368, 1379-80 (D.C. Cir. 1980) (*en banc*) ("Given this broad statutory

27

28

         9                 APPLICATION TO COMPEL COMPLIANCE
                                          WITH ADMINISTRATIVE SUBPOENAS AND
                                          MEMO OF P & A

1  mandate, there is virtually no possibility that in issuing this subpoena, the SEC was acting ultra
2  vires").

3      Second, the Commission followed all appropriate procedural requirements in issuing the
4  subpoenas. In accordance with its Rules Relating to Investigations [17 C.F.R. § 203.1 *et seq.*], the
5  Commission issued the Formal Order, which sets forth the purpose of the investigation and authorizes
6  designated members of its staff to conduct the investigation, including by issuing subpoenas for the
7  production of documents. *See* 17 C.F.R. § 203.4(b). The subpoenas were issued by a staff member
8  designated in the Formal Order. Salzmann Decl., ¶ 2 and Exh. A.

9      Finally, the evidence sought by the subpoenas is relevant and material to the Commission's
10  investigation. As noted above, one aspect of the Commission's investigation concerns whether Wells
11  Fargo made material misrepresentations or omissions of fact concerning the quality of the residential
12  mortgage pools that backed its RMBS offerings. The types of documents sought by the subpoenas,
13  including loan underwriting guidelines, due diligence reports and communications between Wells
14  Fargo employees concerning the due diligence process, are relevant and material to the
15  Commission's investigation, and Wells Fargo has not previously contended otherwise.

16      Because they meet the standards established by the Ninth Circuit, the Court should enforce
17  the Commission's administrative subpoenas.

18      **B. The Issuance of a Wells Notice Does Not Excuse Wells Fargo from Complying with**
19          **the Subpoenas**

20      On February 24, 2012, well after the return dates for the subpoenas at issue here, the
21  Commission staff notified Wells Fargo that it was "considering recommending" that the Commission
22  file an enforcement action against the bank. Wells Fargo has since attempted to use this notice as an
23  excuse to avoid complying with the subpoenas. As the bank's counsel stated, "[g]iven that notice, we
24  assumed the investigation was over and we had moved to a different phase." Salzmann Decl.,
25  Exh. P. Counsel stated only that he might agree to "revisit the issue of any additional document
26  production" after the staff had reviewed the bank's Wells submission. *Id.*

27

28                                          10                  APPLICATION TO COMPEL COMPLIANCE
                                                                 WITH ADMINISTRATIVE SUBPOENAS AND
                                                                 MEMO OF P & A

1   There is no basis for Wells Fargo's refusal to comply with the subpoenas because a Wells

2   notice, such as the staff provided, does not terminate the Commission's investigative power. *SEC v.*

3   *Sears*, 2005 U.S. Dist. LEXIS 44854 (D. Or., July 28, 2005). *Sears* involved two witnesses who

4   refused to comply with subpoenas for their testimony in a Commission investigation.  Shortly

5   thereafter, the Commission staff provided the witnesses with Wells notices, but still moved to enforce

6   the subpoenas. *Id.*, * 2, 4.  The *Sears* court found "no regulation that precludes the [Commission]

7   from continuing with or reopening its investigation following the issuance of a Wells notice." *Id.*, *

8   4. Indeed, as the court noted:

9   A Wells notice is more appropriately viewed as a preliminary recommendation
    that is being circulated for review. Even when no Wells submission is made in
10  response to a Wells notice, the agency may thereafter learn of additional facts that
    warrant investigation, or seek additional documents to confirm its preliminary
11  understanding of the facts or to clarify any lingering confusion. (*Id.*, * 4 – 5)

12  Accordingly, because the *Sears* court found that the giving of a Wells notice did not terminate

13  the Commission's investigative authority, it ordered the witnesses to testify. *Id.*, * 19.

14  This Court should follow the reasoning of *Sears* and enforce the administrative subpoenas

15  against Wells Fargo.  The bank has had ample time to comply, but has failed to meet even its own,

16  self-selected deadline of March 7, 2012.  Nor is the possibility that counsel for Wells Fargo might be

17  willing to "revisit" the idea of producing some additional documents at some future date sufficient.

18  Furthermore, the scope of the Commission's investigation involves not just Wells Fargo's

19  own potential violations of the securities laws, but the roles played by other persons associated with

20  the bank's RMBS offerings.  (Indeed, the staff has already provided Wells notices to two individuals

21  associated with Wells Fargo's RMBS offerings.)  The materials sought through the subpoenas are

22  relevant to the Commission's assessment of the potential liability of other individuals and entities,

23  and this investigation is in no way affected by the Commission staff's determination to provide a

24  Wells notice to Wells Fargo at this time.

25  In order for the Commission to carry out its enforcement responsibilities effectively, it must

26  have timely access not just to that information a party chooses to furnish, but to all the information

27

28

11

1 | the Commission deems relevant and material to its inquiry. For these reasons, the Court should

2 | enforce the administrative subpoenas against Wells Fargo.

3 | **IV.   CONCLUSION**

4 |        For the foregoing reasons, the Commission requests that the Court enter an order compelling

5 | Wells Fargo to comply with the Commission's administrative subpoenas. A proposed order granting

6 | such relief is filed concurrently with this Application.

7

8 | DATED:  March 23, 2012                    Respectfully Submitted,

9

10                                            Robert L. Mitchell

11                                            Attorney for Plaintiff
                                              SECURITIES AND EXCHANGE
12                                            COMMISSION

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                12          APPLICATION TO COMPEL COMPLIANCE
                                            WITH ADMINISTRATIVE SUBPOENAS AND
                                            MEMO OF P & A